Good morning. First case this morning is number 14-1465 InRe JevicHolding Committee of Unsecured Creditors versus CIT Group. Mr. Reisner. Thank you, Your Honor. The appellants have requested seven minutes for themselves and of course five minutes for the United States government and three minutes for Roboto. Very well, thank you. Jack Reisner for Mountain Golden on behalf of the certified class of ex-employees of Jevic Holdings. Your Honor, this case is not simply about the elimination of a creditor's claim in bankruptcy. It's about the undermining of the checks and balances of the bankruptcy code and of the rule of law itself. The class of ex-employees of Jevic had a $9 million wage priority claim that was deemed valid, but a coterie of powerful parties in the bankruptcy, including the debtor, did not want them to have that claim. Your Honor, the son's lawyer basically admitted that. They didn't want to pay a litigation. I think we understand the facts, but what prohibits these structured dismissals? The structured dismissal is premised on the power of the judge to take away a property that belongs to a party, to a creditor. To eliminate it entirely, not just to reduce its priority status, but to take it away. There is no such power that is accorded to any judge under any rule of law just to do that. So the bankruptcy judge said here, these are dire circumstances, that without this infusion of cash there would be no settlement and nobody would get anything. The administrative creditors would be a shortfall and there'd be nothing for the unsecured creditors. So what does he do in that circumstance? And what, you know, eventually tie in the remedy, but we've got a long ways to go before we get to that point. Sure. Your Honor, the bankruptcy judge does have the ability to balance equities and look for expediencies and look for rational outcomes. No one doubts that, but nothing gives the bankruptcy judge to act on that and to take away someone's property entirely in order to balance the equities or to get to some practicable result. Well, he effectively, he applied the Martin factors. In fact, you're effectively arguing those here today, aren't you? And don't three of the Martin factors weigh against you? Your Honor, with due respect, the Martin factors are premised on the fact that, first of all, the court has the power to exercise what is being asked, to give the right to assign who gets money and to take away money from another party. The Martin factors, Your Honor, are just part of the test of 1919 and the settlement. Understood. But that is...